## MUNDAY V. COLLIER, ADM'R.

HUSBAND AND WIFE: *Action on contract between: Practice.*

Whether a note given by a husband to his wife for borrowed money constitutes a legal liability or not, it is clearly a claim which equity will enforce against him ; and where the wife's administrator sues the husband at law upon such note, the error, if any, in the form of the proceeding, will be waived by the defendant's failure to move a transfer to the proper docket.

APPEAL from *Randolph* Circuit Court.

J. W. BUTLER, Judge.

This was an action at law brought by the administrator of Mary Munday, on a note for $500, given to her by her husband, Daniel Munday. The latter answered, setting up that at the time the note was executed he and the payee were husband and wife, and also that it had been satisfied by various payments, which are stated in detail. The evidence showed that the note was given for money, which the defendant borrowed from his wife, and that they separated on the day it was executed, and did not live together at any subsequent time, although they were never divorced. There was no motion to transfer the cause to the equity docket. Some of the credits claimed by the defendant were for supplies furnished Mrs. Munday while she was living apart from him, and these the jury were instructed to disallow. The court refused to instruct the jury that if they found that the defendant and Mary Munday were husband and wife at the time the note was given, it was void in law. The verdict and judgment were for the plaintiff, and the defendant appealed.

*Sam W. Williams*, for appellant.

Munday v. Collier, Adm'r.

1. The note was void at law, and if enforceable at all, only in equity. *15 Ark., 519; 20 id., 265; Stewart on Husb. and Wife, secs. 164, 41, 163; 49 Ark., 438; 25 id., 153.*

2. The note could only be enforced *by the wife*, and in equity alone. *91 N. Y., 381; 49 Ark., 438; 29 id., 612; 32 id., 714; 43 id., 28; 36 id., 456.*

3. On the death of the wife without disposal, the marital rights of the husband attached. *4 S. E. Rep., 745; 47 Ark., 115; 22 N. Y., 110; 24 id., 372; 44 id., 280; Kelly on Mar. Wom., pp. 212, 213; 2 Ves. Sr., 663; 2 Ves. Jr., 698, 716; 2 Bright Husb. and Wife, pp. 260, 259; 3 Bro., C. C., 441; Reeve's Dom., Rel., p. 86; Wells on Sep. Prop. of Mar. Wom., p. 107; 18 N. J. Eq., 208; Schouler Dom. Rel., sec. 107; 41 E. Ch. Rep., 432; Tyler Inf. and Cov., sec 237.*

*U. M. & G. B. Rose,* for appellee.

Under our Constitution and laws a wife, as to her separate estate, has the same remedies against her husband that she has against a stranger. *Mansf. Dig., secs. 4624, 4625, 4951.* She can sue at law or proceed in equity. *19 Iowa, 491; 58 Me., 139; 39 Am. Rep., 307; 39 Vt., 319; 32 Md., 214; 47 Ark., 558; 9 Neb., 16; 43 Am. Rep., 675; 4 Laws, 164; 19 Hun., 358; 20 id., 472; 24 id., 401; 52 Texas, 294; 90 Pa. St., 238, 507; 9 Ill. App., 27; 50 Mich., 77; 58 id., 546; 62 Wis., 493; 36 Cal., 447; 24 Kans., 101.* A failure to transfer a cause to the proper docket is no ground of reversal. If no motion is made to transfer, and no objection made, the right to a transfer is waived. *Mansf. Dig., secs. 4925, 4928; 48 Ark., 539; 49 id., 22; 37 id., 286; 31 id., 411; 32 id., 562.*

2. Whatever a wife receives from her husband is presumed to be a gift, and will not raise an implied promise of repayment. *36 Ark., 586; 47 id., 111.* A husband is bound to support his wife, and she may contract for necessaries on his account. *Bish. on Cont., sec. 87.*

3. On the death of the wife the note passed to her administrator and not to the husband. *48 Ark., 395; 14 id., 603; 16 id., 154.*

4. The fact of the money being in the hands of the husband at the time of the wife's death constituted no reduction to possession. *Schouler on H. and W., sec. 154; 131 U. S., 227.*

**HUSBAND AND WIFE: Contracts: Practice.**  PER CURIAM. The question of the application of the sums claimed to have been paid by the defendant, Munday, to his wife, was fairly submitted to the jury; and they found that the amounts, if paid, were not made as payments on the note, and their verdict is conclusive.

Whether the note constituted a legal liability or not, it was unquestionably an equitable claim against the husband. The error, if any, in bringing the action at law, was waived by the defendant's failure to move a transfer to the proper docket. *Organ v. Ry., 51 Ark., 235.*

Affirmed.